1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JUAN GONZALEZ,

11          Plaintiff,                        No. CIV S-07-0135 GEB KJM P

12      vs.

13   C/O HIGGINS, et al.,

14          Defendants.

15   _____/          ORDER

16          Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  This matter is currently proceeding against defendant

18   Higgins (defendant) for a violation of the Eighth Amendment.  Plaintiff alleges defendant

19   Higgins, a correctional officer with the California Department of Corrections and Rehabilitations

20   (CDCR), used excessive force on plaintiff on June 4, 2006 by, among other things, punching

21   plaintiff in the head in response to a comment plaintiff made to Higgins about his glasses.  Two

22   matters are before the court.

23   I.  Plaintiff's November 8, 2007 Motion To Compel (Docket No. 24)

24          Plaintiff asks that the court order defendant to respond further to plaintiff's

25   request for production of documents, numbers 1 to 6.  In his original response to these requests,

26   defendant Higgins refused to provide plaintiff with any documents.  Most of defendant's

1

1   objections to plaintiff's motion to compel are not well-taken.  Many of the objections are based

2   on principles of California law that are not, by themselves, applicable in this court.  See Def't

3   Higgins's Response to Pl.'s Request for Production of Documents (Docket No. 28, Ex. 1); Fed.

4   R. Evid. 501.  Other objections and explanations for failing to respond are patently evasive, given

5   defendant's failure to respond at all.

6          In only two instances are defendant's objections valid such that they will be

7   sustained.  Defendant is correct that request three – for names, titles and addresses -- is not a

8   request for production of documents.  Rather it requires a written response.  Defendant will not

9   be ordered to respond further to request three.  In request five, plaintiff seeks all documents that

10  "appear . . . reasonably calculated to lead to the discovery of admissible evidence. . ."  This

11  request is overbroad and vague; no further response will be ordered.

12         With respect to the other requests, defendant's objections are overruled and

13  responses will be compelled as follows:

14         With respect to request one, defendant will be ordered to provide plaintiff with

15  any documents in his possession, custody or control identifying defendant's official duties at the

16  time of the altercation between defendant and plaintiff on June 4, 2006.

17         As to request two, defendant will be ordered to provide plaintiff with any

18  documents in his possession, custody or control containing narrative information regarding any

19  aspect of the altercation occurring between plaintiff and defendant on June 4, 2006.

20         With respect to request four, defendant will be ordered to provide plaintiff with

21  any documents in his possession, custody or control that articulate the guidelines for the use of

22  physical force against CDCR inmates as of June 4, 2006.

23         Finally, in request six, plaintiff seeks all copies of all documents generated as part

24  of the Internal Affairs investigation into the altercation between plaintiff and defendant on June

25  4, 2006.  Defendant will be ordered to provide plaintiff with any such documents in his

26  possession, custody or control.

1    With respect to any documents produced by defendant to plaintiff, defendant may

2    redact personal identifying information, namely home addresses, phone numbers or social

3    security numbers.  Also, to the extent defendant does not have the documents to be compelled as

4    described above, he shall so state in an affidavit to be provided to plaintiff.

5    II.  Plaintiff's November 14, 2007 Motion To Compel (Docket No. 26)

6    In this motion, plaintiff asks that defendant be ordered to respond to his requests

7    for admissions.  Plaintiff propounded 15 requests for admission to defendant.  Here as well,

8    defendant refused to respond to any of them.  See Def't Higgins's Response to Pl.'s First Set of

9    Requests for Admission (Docket No. 31, Ex. 1).

10    Good cause appearing, defendant Higgins will be ordered to respond to requests

11    for admission 2, 3 and 5, as defendant Higgins fails to point to any valid reason for his failure to

12    provide whatever response he is able to these requests.

13    Defendant Higgins will not be required to respond to requests 1, 4 and 6 to 14.[1]

14    Defendant Higgins has asserted his Fifth Amendment right not to respond to these requests on

15    the ground that his answers might tend to incriminate him.  Defendant Higgins's assertion of his

16    Fifth Amendment right is appropriate at this stage of the litigation, although it may have

17    implications at a later stage of this civil proceeding.  See, e.g., Baxter v. Palmigiano, 425 U.S.

18    308, 318 (1976).  Moreover, the court may revisit defendant's assertion of this privilege at trial or

19    at any other appropriate time if information is presented to the court indicating defendant

20    Higgins's invocation of his Fifth Amendment right is not justified with respect to some or all of

21    the nine requests at issue here.

22

23    /////

24    /////

25

26    [1]  Additionally, defendant Higgins's vagueness objection to request number 7, which
reads, "please admit that you are failure with C.S.P. Sac's use of force policy," is sustained.

3

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's November 8, 2007 motion to compel documents (#24) is granted in

3  part and denied in part as follows:

4    A. Within ten days of service of this order, defendant Higgins shall

5    provide the following to plaintiff:

6    i.  Any documents in his possession, custody or control identifying

7    defendant Higgins's official duties at the time of the altercation

8    between defendant and plaintiff on June 4, 2006.

9    ii.  Any documents in his possession, custody or control containing

10    narrative information regarding any aspect of the altercation

11    occurring between plaintiff and defendant on June 4, 2006.

12    iii.  Any documents in his possession, custody or control that

13    articulate the guidelines for the use of physical force against CDCR

14    inmates as of June 4, 2006.

15    iv.  Any documents generated as part of the Internal Affairs

16    investigation into the altercation between plaintiff and defendant

17    on June 4, 2006.

18    B.  To the extent such documents do not exist, defendant Higgins shall so

19    state in an affidavit and provide that affidavit to plaintiff within ten days of

20    service of this order.

21    C.  Plaintiff's motion to compel is denied in all other respects.

22  /////

23  /////

24  /////

25  /////

26  /////

4

1       2.  Plaintiff's November 14, 2007 motion to compel admissions (#26) is granted

2 in part and denied in part as follows:

3         A.  Within ten days of service of this order, defendant Higgins shall

4         provide plaintiff with responses to plaintiff's requests for admission

5         numbers 2, 3 and 5.

6         B.  Plaintiff's motion to compel is denied in all other respects.

7 DATED:  September 30, 2008.

8

9                         U.S. MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

   1

25 gonz0135.mtc

26

5